Jorge FLORES–TORRES, Petitioner,

v.

Alberto GONZALES,* Attorney General, Respondent.

No. 03–72879.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.**

Decided Feb. 22, 2005.

James G. Roche, Law Offices of James G. Roche, Santa Ana, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., David Dauenheimer, Ronald N. Ohata, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM ***

Jorge Flores–Torres, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an immigration judge's ("IJ") denial of his motion to reopen removal

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, *Celis–Castellano v. Ashcroft*, 298 F.3d 888, 890 (9th Cir.2002), and the agency's factual findings for substantial evidence, *Kamalthas v. INS*, 251 F.3d 1279, 1281 (9th Cir.2001). We deny the petition for review.

The BIA adopted the IJ's finding that Flores–Torres' evidence regarding his daughter's injury was insufficient to establish exceptional circumstances to excuse his late appearance, and the record does not compel a contrary conclusion. *See Celis–Castellano*, 298 F.3d at 892 (explaining that the agency's factual finding "must stand unless the record *compels* reversal") (emphasis in original).

Contrary to Flores–Torres' contention, the BIA gave individualized consideration to his motion by adopting the IJ's decision. *See Alaelua v. INS*, 45 F.3d 1379, 1381–82 (9th Cir.1995). Accordingly, the BIA did not abuse its discretion by denying Flores–Torres' motion to reopen.

Flores–Torres' second motion for an extentsion of time to file a reply brief is denied.

**PETITION FOR REVIEW DENIED.**